



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Paul E. Budlow*
*Assistant United States Attorney*
*Paul.Budlow@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4917*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

November 27, 2017

2017 NOV 27 PM 3:54

James E. Crawford, Jr.
Law Offices of James E. Crawford, Jr. & Associates, LLC
1435 Sulphur Spring Road
Baltimore, Maryland 21227

Re: United States v. Brian Kenneth McCort
<u>Criminal #: MJG-17-053</u>

Dear Mr. Crawford:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by Monday, November 27, 2017, at 2:00 p.m., it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, charging him with Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252 (a)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a. That on or about June 20, 2015, in Maryland, the Defendant knowingly distributed a visual depiction;

b. That said visual depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

c. That the visual depiction involved the use of a minor engaging in sexually explicit conduct;

d. That the defendant knew of that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and knew that the visual depiction was of such conduct.

**Penalties**

3. (a) The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is not less than five (5) years and not more than twenty (20) years imprisonment, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, and must pay a $5,000 special assessment pursuant to 18 U.S.C. § 3014 (unless he is determined to be indigent), both of which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

(b) The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

**Waiver of Rights**

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in a plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to

confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

**Advisory Sentencing Guidelines Apply**

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

**Factual and Advisory Guidelines Stipulation**

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a. The base offense level is twenty-two (22) pursuant to U.S.S.G. § 2G2.2(a)(2).

b. Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12). **(Subtotal: 24)**.

c. Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution. **(Subtotal: 26)**.

d. Pursuant to U.S.S.G. §2G2.2(b)(4), there is a four (4) level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, or sexual abuse or exploitation of an infant or toddler. **(Subtotal: 30)**.

e. Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. **(Subtotal: 32)**.

f. Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved more than 600 images. **(Subtotal: 37)**.

g. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Thus, the final anticipated offense level is **35**.

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

**Obligations of the United States Attorney's Office**

9. At the time of sentencing, this Office will recommend a sentence no more than 8 years' imprisonment and no more than twenty-five (25) years' supervised release.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

**Restitution**

11. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

**Collection of Financial Obligations**

12. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

13. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

14. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

**Forfeiture**

15.     Your client agrees to forfeit all right, title and interest in the property seized by
law enforcement authorities from his residence on August 28, 2015. He further agrees to take
whatever steps are necessary to pass clear title to the property to the United States or any State
authority. Those items include, but are not limited to:

        a.   Apple MacBook S/N W80440JSA6W;
        b.   Western Digital My Passport External HDD S/N WX51A14M6609; and
        c.   16 GB SanDisk Cruzer USB Device.

**Waiver of Appeal**

16.     In exchange for the concessions made by this Office and the Defendant in this
plea agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291
or otherwise, to appeal the Defendant's conviction;

        b.     The Defendant and this Office knowingly waive all right, pursuant to 18
U.S.C. § 3742 or otherwise, to appeal whatever sentence in imposed (including the right to
appeal any issues that relate to the establishment of the advisory guidelines range, the
determination of the defendant's criminal history, the weighing of the sentencing factors, and the
decision whether to impose and the calculation of any term of imprisonment, fine, order of
forfeiture, and term or condition of supervised release).

        c.     Nothing in this agreement shall be construed to prevent the Defendant or
this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from
appealing from any decision thereunder, should a sentence be imposed that resulted from
arithmetical, technical, or other clear error.

        d.     The Defendant waives any and all rights under the Freedom of
Information Act relating to the investigation and prosecution of the above captioned matter and
agrees not to file any request for documents from this Office or any investigating agency.

        e.     The Defendant further waives any and all motions, defenses, probable
cause determinations, objections which defendant could assert to the indictment or to the Court's
entry of judgment against the Defendant, and any imposition of sentence upon the Defendant
consistent with this agreement.

**Obstruction or Other Violations of Law**

17.     The Defendant agrees that he will not commit any offense in violation of federal,
state or local law between the date of this agreement and his sentencing in this case. In the event
that the Defendant (i) engages in conduct after the date of this agreement which would justify a
finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal

responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) files a motion to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

**Court Not a Party**

18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

**Entire Agreement**

19. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Stephen M. Schenning
Acting United States Attorney

By: [signature]
Paul E. Budlow
Daniel C. Gardner
Assistant United States Attorneys

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11/27/17
Date

[signature]
Brian Kenneth McCort

I am Brian Kenneth McCort's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11/27/17
Date

[signature]
James E. Crawford, Jr.

2017 NOV 27

**Attachment A**

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Brian Kenneth McCort ("McCort"), age 40, was a resident of Aberdeen, Maryland. As detailed below, McCort has been involved in the collecting and sharing of child pornography.

On three occasions in June and July 2015, using a peer-to-peer ("P2P") file sharing program connected to the internet, an investigator with the Maryland State Police (MSP) downloaded numerous files of child pornography from the defendant's computer.

Relevant Conduct: Distribution of Child Pornography on June 1, 2015:

On June 1, 2015, the investigator downloaded a torrent file from McCort's computer that contained a video depicting a minor engaged in sexually explicit conduct. The video was entitled, "PTHC – BabyJ 5yo Exib Fuck (48m58s).mpg" The video is approximately 48 minutes and 58 seconds long and depicts a partially nude prepubescent minor female lying on her back with her legs spread and genitals exposed and, using her fingers, is penetrating her vagina and masturbating. The video also depicts an adult male, with his genitals exposed, performing vaginal intercourse upon the minor. The video depicts the minor performing oral sex upon the adult male.

Count One: Distribution of Child Pornography on June 20, 2015:

On June 20, 2015, the investigator downloaded a torrent file from McCort's computer that contained hundreds of files of images and videos depicting minors engaged in sexually explicit conduct. Thirty-two of the files were videos of actual minors engaged in sexually explicit conduct with adults.

One of the videos, entitled:
"!! Tara 8yo Full_0001___pthc_hussyfan_kingpass_liluplanet.avi," is approximately 35 minutes and 15 seconds long. The video is a compilation of videos of the same minor female victim and the same adult male. The victim was somewhere between the ages of 5 and 9 when the abuse occurred. The video depicts the victim lying on a bed masturbating. The victim then spreads her legs and exposes her genitals to the camera. The victim is wearing a Mardi Gras mask. The video then depicts the victim lying on top of a nude adult male while the adult male anally penetrates the victim. The adult male uses a sex toy (vibrator) and anally penetrates the victim. The adult male partially nude and kneeling on a bed then forces the victim who is lying face

down on the bed to perform oral sex upon the adult male. The video continues with the victim performing oral sex upon the adult male until the adult male ejaculates upon the victim's face. The victim is seen lying on a bed nude and the adult male enters the video and begins to vaginally penetrate her. The adult male is then seen grabbing the victim by the wrist and pulling the victim across the bed forcibly and using a sex toy to penetrate the victim's anus.

Relevant Conduct: Distribution of Child Pornography on July 2, 2015 (Count Two):

On July 2, 2015, the investigator downloaded a torrent file from McCort's computer that contained one video of a minor engaged in sexually explicit conduct, described as follows:

A video entitled: "Pthc)(Hussyfan)(Kingpass)(Vicky)(Lordofthering)(Moscow)(Liluplanet)(Nablot)(St Petersburg)(R@Ygold)(Babysivid)Ann Holliday – Trying Fuck 3 10 yyo(Vw-03).avi" The video is approximately 20 minutes and 53 seconds long, and depicts a compilation of videos that appear to be from the same day of a prepubescent minor female victim. The video depicts the victim sitting on a seat in a vehicle while an adult male vaginally penetrates the victim with his penis. The adult male then uses his finger to masturbate the victim. The victim then gets dressed and the male continues to masturbate in front of the victim. The adult male then ejaculates on the victim.

Relevant Conduct: Possession of Child Pornography:

On September 2, 2015, a federal search warrant was executed at McCort's residence at 703 Southern Lights Drive, Aberdeen, Maryland 21001. During the execution of the search warrant, investigators seized McCort's Apple laptop and additional digital storage devices that contained child pornography. These items are further described as:

- Apple MacBook S/N W80440JSA6W (located on the nightstand in the master bedroom);
- Western Digital My Passport External HDD S/N WX51A14M6609 (located in a large safe in the office); and
- 16 GB SanDisk Cruzer USB Device (located under the foam in a gun safe which was located inside the nightstand in the master bedroom);

**Apple MacBook Laptop:**

The Apple MacBook laptop was examined and found to contain Vuze, a P2P file-sharing program on the BitTorrent network, which allowed the defendant to access Torrent files on the internet, as well as the additional settings:

- The defendant was an "advanced" user.

- The defendant modified the speed of uploads and downloads.
- The defendant set the program so that once a Torrent file was downloaded, the file was automatically transferred to the "My Passport" drive, and then deleted from the MacBook laptop.
- The "My Passport" drive was designated as the folder to share files from.
- The defendant set the program so that his computer would act as a "tracker," for the BitTorrent network, which makes it easier for other users of the network to locate files of child pornography.

The forensic examination of the MacBook also revealed the following:

- The most recent files accessed by the defendant were videos of child pornography;
- Vuze and the video player VLC were the last programs accessed by the defendant prior to September 2, 2015.
- The VLC video player history was erased by the defendant prior to the execution of the search warrant.
- The MacBook was used to search the internet using search terms that are consistent with child pornography.
- The defendant conducted numerous internet searches, including searches for "PTHC" (pre-teen hard core), "Vicky" and the true name of the victim from the "Vicky" series. The "Vicky" series is a well-known series of videos and images that depict the sexual abuse of "Vicky" when she was prepubescent. Additional internet searches are listed in Attachment B.

The Apple MacBook laptop contained at least 26 images and 213 videos depicting minors engaging in sexually explicit conduct, including the following 6 files:

1. mom and daughter webcam.mp4

A video file that is approximately 33 minutes and 21 seconds long. The video depicts a nude prepubescent female victim lying on a bed with her legs spread. The hands of an adult female are visible grabbing the leg of the victim and positioning the minor closer to the camera. The adult female then leans into the video and performs oral sex upon the victim. The adult also uses her hand to masturbate the victim. The adult pours an unknown substance on the genitals of the victim and then uses an object to masturbate the victim. The adult places another object into the hand of the victim and the victim uses this object to masturbate while the adults uses the other object to masturbate the victim. The victim then performs oral sex upon the adult female. The victim then inserts an object into the genitals of the adult. The abuse of this victim occurred in Florida when the victim was approximately 5 years old.

2. Petite Brune vid 1 (mvi_006).mpg

A video file that is approximately 11 minutes and 9 seconds long. The video depicts a prepubescent minor female victim sitting on the floor taking off her clothing exposing her genitals in the video. The victim sits down on the floor and uses her finger to masturbate. The minor turns

over, faces the floor, and spreads her legs to expose her genitals. A hand is appears several times directing the victim. The victim performs oral sex on an adult male.

3. vine_2.mp4

A video file that is approximately 6 seconds long. The video is a short compilation of videos and begins depicting a prepubescent minor male's genitals exposed. The video next depicts the victim attempting to engage in intercourse with an unknown individual. The video next depicts an unknown individual performing oral sex upon the victim. The video next depicts the victim attempting to engage in intercourse with an unknown individual.

4. F95bfd7a3614c89c13c96960a2cf8e94 – boy Bryson girl masturbation pthc sound thc vaginal webcam.avi

A video file that is approximately 6 minutes and 50 seconds long. The video depicts a shirtless prepubescent minor male holds his index finger to the camera as in a gestures to wait a minute and leaves the room and comes back and then a prepubescent minor female enters the room and sits on the bed. The minor female then uses her hand to masturbate the minor male. The minor female removes her pants and the minor male engages in vaginal intercourse by inserting his penis into the vagina of the minor female. The minor female then lies face down on the bed and the minor male appears to perform anal intercourse upon the minor female. The video ends with the minor male nude lying on the bed his torso and genitals are exposed in the video and he is digitally masturbating.

5. F3544619a7803abdb4e6c9a859e8518d – boy girl oral petting pthc vaginal webcam.avi

A video file that is 15 minutes and 42 seconds long. The video depicts a clothed prepubescent minor female dancing in front of the camera and a partially nude prepubescent minor male appears on a mattress behind the minor female. The minor female pulls her shirt up to expose her chest and then pulls her pants down to expose her genitals. As the minor female lies on the bed with her pants down exposing her genitals, the minor male touches the minor female's genitals and uses his fingers to digitally masturbate the minor female. The minor male attempts to perform vaginal intercourse upon the minor female. The minor male then digitally penetrates the minor female's anus. The minor male then lies on his back on the bed and the minor female uses her hand to masturbate the minor male, and then performs oral sex on the minor male.

6. manon 23.avi

A video file that is 46 minutes and 9 second long. The video depicts a clothed prepubescent minor female victim sitting in front of the camera and a bed is seen in the background. The victim then pulls her pants down and stands in front of the camera with her genitals exposed and digitally masturbates and fondles her genitals. The victim is then seen on the bed with her legs spread and is performing digital masturbation. The victim female then appears to sit on the floor, moves the


and his midsection and genitals are exposed in the image. The second image depicts an individual performing oral sex upon a prepubescent minor male and the midsection and genitals of the minor are visible and exposed in the image. The third image appears to depict an adult female kissing the inner thigh of a prepubescent minor male. The minor male is lying on his back and only a portion of his leg, midsection and genitals are exposed in the image. The fourth image depicts two nude prepubescent minor males in a bathtub, one is sitting the other standing. A nude adult female is sitting in the tub next to the nude minor standing and is scene pinching the minor males' genitals which are exposed in the image. The abuse of this victim occurred in Utah.

5. Qaqaazz Pthc Pedo Man Turns On 2 Yo Girl For Fucking 3.jpg

An image file that depicts a prepubescent minor female, nude from the waist down, lying on a bed. An adult male is performing oral sex upon the minor female. The eyes of the female and male have been blocked out. The abuse of this victim occurred in the United Kingdom when the victim was between.18 months and 4 years old.

6. Ba875c23359e4b9afc5b326aa3ac90a1 2 69 anal catgoddess cunnilingus girl man oral pthc sound. mp4

A video file that is 6 minutes and 18 seconds long. The video depicts a minor female in underwear, lying with her legs spread on a couch. A nude adult male is enters, sits on the couch, and begins kissing the minor female's legs. The adult removes the minor's underwear and begins to perform oral sex upon the minor female. The minor female gets up and the adult male lies on the couch the minor female climbs on top of the adult and the adult continues to perform oral sex upon the minor. The minor female then performs oral sex upon the adult male. The adult leaves the room and the minor female exposes her genitals to the camera. The adult returns and wipes a substance from a tube on the genitals of the minor female and then appears to engage in vaginal intercourse upon the minor. The adult male wipes more substance on the minor female's anus and appears to engage in anal intercourse on the minor. The abuse of this victim occurred in Moldova when the victim was between 8 and 14 years old.

**San Disk Cruzer Flash Drive:**

The SanDisk Cruzer flash drive contained the exact file that was downloaded from the defendant's computer on July 2, 2105, as described above, and listed in Count Two if the indictment. The file, which had the same file name, hash values, and contents, was downloaded onto the defendant's computer on June 23, 2015.

In total, the San Disk Cruzer flash drive contained at least 152 images and 17 videos depicting minors engaging in sexually explicit conduct, including the following 6 video files:

1. BJ.JPG

An image file that depicts a minor female performing oral sex upon an adult male. The abuse of this victim occurred in Denmark when the victim was between 2 and 4 years old.

2.  pedo – Vicky Compilation(14m58s).wmv

A video file that is approximately 14 minutes and 58 seconds long. The video appears to be a compilation of videos involving the same prepubescent minor female. The video depicts the victim female fully clothed, standing undressing until she is completely nude. The victim is wearing a black mask and her wrists are bound with a black rope. A partially nude adult male enters, grabs the rope, and inserts the device into the victim's mouth. The adult then forces the victim to perform oral sex. The video jumps to the victim lying on a bed wither her genitals exposed. An adult male enters and the victim performs oral sex on the adult. The adult ejaculates into and around the mouth of the victim. Additional portions of the video show other instances of the victim masturbating the male with her hand, the victim performing oral sex on the male, the male engaging in anal sex with the victim, the adult male digitally penetrating the vagina and anus of the victim, and the adult male penetrating the victim's genitals with a sex toy. The abuse of this victim occurred in Washington when the victim was between 10 and 14 years old.

3.  T1H.JPG

An image file that depicts a nude prepubescent minor female sitting next to a nude adult male. The legs and genitals of the adult are visible in the image. The minor is holding the adults genitals.

4.  iawyMx6.jpg

An image file that depicts a nude minor female lying on her back with her legs spread and her hands are spreading her genitals to expose her genitals in the camera.

5.  TEEH.JPG

An image file that depicts two partially nude minor females lying over what appears to be a nude minor male and only the midsection and genitals of the male are exposed in the image. One of the minor females is performing oral sex upon the minor male.

6.  TFEREEH.JPG

An image file that depicts a nude minor female lying on her back on what appears to be a comforter. The minor female's legs are spread and her genitals are fully exposed in the camera. The genitals of what appears bot an adult male are laying on the feet of the minor female. The abuse of this victim occurred in Iowa when the victim was between 8 and 12 years old.

The three digital devices described above were manufactured out of the state of the United States. The child pornography found in McCort's possession was transported in or affecting

interstate or foreign commerce, and was produced using materials that had been transported in or affecting interstate or foreign commerce.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case

Brian Kenneth McCort

I am Mr. McCort's attorney. I have carefully reviewed the statement of facts with him.

James E. Crawford, Jr., Esquire
Counsel for Brian Kenneth McCort